IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARK F. WILDMAN, et al.,           )
                                   )
              Plaintiffs,          )
                                   )
      v.                           )     Case No. 06-4008-CV-C-NKL
                                   )
USAA CASUALTY INSURANCE CO.,       )
                                   )
              Defendant.           )
                                   )
                                   )

ORDER

Pending before the Court is Defendant USAA Casualty Insurance Co.'s ("USAA")

Motion to Compel Deposition of Skip Walther [Doc. # 53].  For the reasons set forth

below, the Motion is denied.

I.      **Background**

In 2001, Plaintiffs Mark and Judith Wildman's ("Wildmans") house was damaged

by fire.  A subsequent mold infestation required that their home be demolished and

rebuilt, but a dispute arose with their insurance company, USAA, as to the extent of

coverage under their homeowner's policy.  The Wildmans demanded an appraisal.  Under

the policy both parties selected  "independent" appraisers who in turn selected a third,

"impartial" appraiser to serve as an umpire.  The parties now dispute whether or when

this impartial umpire, Tyson Nichols, first understood that he was truly impartial rather

1

than working exclusively for USAA, and whether or when his initial confusion was made

known to the Wildmans. The Wildmans claim they didn't learn of Nichols' confusion

until discovery in the present litigation. USAA claims that Nichols realized his

misunderstanding when the Wildmans' independent appraiser, James Westerfield, told

Nichols that he was supposed to be impartial. Unfortunately, Westerfield has fallen ill

and is unavailable to testify in the present case. USAA has moved to depose the

Wildmans' lawyer, Skip Walther, as to any conversations he may have had with

Westerfield about Westerfield's conversation with Nichols, as well as any conversations

he had with Rachel Flint, a USAA employee, or Thomas Hammond, USAA's appraiser.

For their part, the Wildmans argue that such a deposition would invade attorney-client

privilege and disqualify Walther from representing them at trial.

## II.     Discussion

Cautioning against "the potential problems caused by deposing opposing counsel,"

the Eighth Circuit has developed a three-prong test that a party must satisfy before a court

should allow a deposition of the opposition's attorney. *Pamida, Inc. v. E.S. Originals,*

*Inc*., 281 F.3d 726, 729-730 (8th Cir. 2002). The deposing party must show that (1) no

other means exist to obtain the information than to depose opposing counsel, (2) the

information sought is relevant and nonprivileged, and (3) the information is crucial to the

preparation of the case." *Id.* This "difficult burden" is intended to guard against the

"harassing practice of deposing opposing counsel ... that does nothing for the

2

administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Id.*

With regard to Walther's conversations with Flint and Hammond, USAA has failed to satisfy this difficult burden. First, USAA has alternative means of acquiring the information sought by simply deposing those witnesses or taking their statements. Secondly, Walther has supplied an affidavit stating that his own recollection of any conversations with Flint and Hammond is limited to the facts in the letters he sent them memorializing their conversations. As those letters have been produced and Walther has declared as an officer of the Court that no further information could be discovered through his deposition, the deposition cannot be said to be "crucial to the preparation of the case."

As to any communications Walther had with Westerfield about Westerfield's conversations with Nichols, USAA has likewise failed to satisfy its difficult burden. The primary purpose for deposing Walther is to determine whether Westerfield told Walther that Nichols thought he was the insurance company's appraiser. The Wildmans resist the discovery invoking the attorney-client privilege under *In re Bieter*, 16 F.3d 929, 935 (8th Cir. 1994). The Wildmans claim that Westerfield was their representative in the appraisal process, so any communications between him and the Wildmans' attorney are privileged.

If Westerfield told Walther that Nichols was confused about his role in the appraisal process, it is relevant to this lawsuit. However, based on the representations made by the Wildmans, Walther's testimony is not critical. If Westerfield was the

3

Wildmans' representative in the appraisal process, as they now claim, then Nichols' communications to Westerfield probably constitute notice to the Wildmans. In that case, Walther's testimony about his communications with Westerfield is only icing on the cake, and not critical.

If, however, the Court were to find that Westerfield was not the Wildmans' agent for the purpose of receiving communications about the appraisal process, then Walther's testimony would be critical. Because the burden is so high when a party seeks to depose their opponent's attorney, the Court relies on the Wildmans' representation that Westerfield was their representative in the appraisal process. Therefore, it is unlikely that Walther's testimony concerning Nichols' confusion would materially advance Defendant's case.

Defendant also claims that they need to depose Walther to defeat the Wildmans' claim that the appraisal should never have occurred. Defendant, however, identifies several exhibits that support their conclusion that the Wildmans never objected to the appraisal process and in fact they and Walther actively pursued the appraisal process. While Walther's testimony on this subject would be relevant, it is not critical.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendant USAA Casualty Insurance Co.'s ("USAA") Motion to Compel Deposition of Skip Walther [Doc. # 53] is DENIED.

s/ Nanette K. Laughrey

NANETTE K. LAUGHREY

United States District Judge

Dated: March 12, 2007
Jefferson City, Missouri

5